# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 20-0887V
UNPUBLISHED

| | |
|---|---|
| JOHN TIMOTHY HAMILTON,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: May 12, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA,* for Petitioner.

*Adriana Ruth Teitel, U.S. Department of Justice, Washington, DC,* for Respondent.

### **DECISION AWARDING DAMAGES**[1]

On July 22, 2020, John Timothy Hamilton filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barre Syndrome ("GBS") as a result of his September 12, 2017 influenza ("flu") vaccination. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 5, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On May 12, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $408,603.54,

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

representing compensation in the amounts of $235,000.00 for pain and suffering, $173,448.76 for lost wages, and $154.78 for unreimbursable out-of-pocket medical expenses. Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $408,603.54, representing compensation in the amounts of $235,000.00 for pain and suffering, $173,448.76 for lost wages, and $154.78 for unreimbursable expenses in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JOHN TIMOTHY HAMILTON, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 20-887V <br> ECF <br><br> Chief Special Master Corcoran <br> Special Processing Unit (SPU) |

### PROFFER ON AWARD OF COMPENSATION

**I.     Procedural History**

On July 22, 2020, John Timothy Hamilton ("petitioner") filed a petition for compensation ("petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, *as amended*. Petitioner alleges that as a result of receiving the influenza vaccine on September 12, 2017, he suffered from Guillain-Barre Syndrome ("GBS"). *See* Petition at Preamble. On February 26, 2021, respondent filed his Vaccine Rule 4(c) report, concluding that petitioner suffered GBS as defined by the Vaccine Injury Table and within the Table timeframe. ECF No. 26. On March 5, 2021, Chief Special Master Corcoran issued a ruling on entitlement, finding that petitioner was entitled to compensation for a GBS Table injury. ECF No. 27.

**II.    Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded **$408,603.54,** for all damages, including $235,000.00 for pain and suffering; $173,448.76 for lost wages; and $154.78 unreimbursable out-of-pocket medical expenses. This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

### III.     Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment, and requests that the Chief Special Master's decision and the Court's judgment award the following:

- a lump sum of **$408,603.54** in the form of a check payable to petitioner.[1]  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division

*s/ Adriana Teitel*
ADRIANA TEITEL
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, DC 20044-0146
Tel:  (202) 616-3677
Email: adriana.teitel@usdoj.gov

Dated: May 12, 2022

---

[1] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.